**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ABDUL QADIR BILLIE SAID,** | ) |
| | ) |
| **Petitioner,** | ) **Case No. 4:18-CV-1488** |
| | ) |
| **v.** | ) **Judge Dan Aaron Polster** |
| | ) |
| **WILLIAM BARR,** | ) **OPINION & ORDER** |
| | ) |
| **Respondent.** | ) |
| | ) |

Before the Court is Petitioner Abdul Qadir Billie Said's Petition for Writ of Habeas Corpus

and Complaint for Declaratory and Injunctive Relief. Doc #: 1. Said filed his Petition on June 27,

2018, asking the Court to review the lawfulness of his detention by Immigration and Customs

Enforcement. Doc #: 1. In his Petition, Said asks the Court to release him on bond and grant him

a bond hearing before an immigration judge. Doc #: 1; Pet. at 9. On February 21, 2019, Said filed

a Motion to Expedite the Petition, requesting that the Court address his Petition expeditiously.

Doc #: 3. In response to Said's Motion to Expedite, the Court held a teleconference on March 13,

2019 with the Government to discuss the status of the case. March 13, 2019 Minutes [Non-

Document]. The Court then directed the Government to file, no later than April 3, 2019, a written

report of: (1) the status of Said's immigration case; (2) whether Said has ever had a parole hearing

and, if so, any record of that hearing; and (3) the Government's position on parole. *See id.* On April 3, 2019, the Government filed its Response. Doc #: 4.

Said claims to be a native and citizen of Somalia. Opp. at 2. He applied for admission into the United States on December 13, 2016 but was denied because he did not have valid entry documents. *Id.* Said expressed a fear about returning to Somalia so a credible fear determination process was completed. *Id.* Proceedings on Said's application for asylum are currently pending in the Cleveland Immigration Court. *Id.* at 3. Said is detained by ICE and has been since his attempted entry into the United States on December 12, 2016. *Id.* He was denied parole on May 17, 2018 because ICE determined that Said had not established that he was not a flight risk. *Id.* However, on April 2, 2019, ICE served notice on Said that it intended to perform a parole determination and afforded him the opportunity to provide additional documentation or evidence for ICE's consideration. *Id.* ICE expects to complete the parole determination process by April 12, 2019. *Id.*

Pursuant to 8 U.S.C. § 1225(b)(2)(A), an alien seeking admission to the United States is subject to mandatory detention during the pendency of his removal proceedings unless the Department of Homeland Security exercises its discretionary authority to release an alien on parole. DHS has the exclusive authority to grant such aliens parole. 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(b). Discretionary decisions made by DHS are not subject to judicial review. 8 U.S.C. § 1252(a)(2)(B)(ii). Thus, DHS's decision about whether to grant parole for an alien is not subject to judicial review. *See id.* Had DHS detained Said for a lengthy time without considering parole, the Court may have considered Said's application, but that is not the case here. ICE expects to complete Said's parole determination process by April 12, 2019. Thus, Said's Motion is moot because ICE is considering parole and a final determination regarding his parole

has not yet been made.  Accordingly, Said's Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Doc #: 1, is **DENIED as MOOT**.

    **IT IS SO ORDERED.**


                                    */s/ Dan Aaron Polster Apr. 9, 2019\_\_\_\_*
                                    **DAN AARON POLSTER**
                                    **UNITED STATES DISTRICT JUDGE**